6340.　NICHOLSON *v.* ROBINSON *et al.,* receivers.

BROYLES, J. The court did not err in sustaining the demurrer to the answer of the defendant, and in striking the answer and directing a verdict for the full amount sued for.　　　　　*Judgment affirmed.*

DECIDED JANUARY 7, 1916.

Complaint; from city court of Atlanta—Judge H. M. Reid. October 15, 1914.

The action was by the receivers of the Guarantee Trust and Banking Company, on a note payable to that company, for $530 principal, dated March 6, 1913. The defendant in his answer denied the alleged indebtedness, but did not deny the execution of the note. He further answered as follows: In 1907 he was importuned by agents of the Guarantee Trust and Banking Company to purchase some of its investment bonds, which they assured him were a good investment. Relying on their statement to him and trusting implicitly the officers of that company, he purchased some of the bonds, and, after signing papers therefor and making a number of payments thereon, he read one of the bonds so purchased and found that it did not state when it was due and payable, and he thereupon and repeatedly thereafter talked this over with the officers of the company, and was time after time assured by H. S. Miles, one of the officers, that the bonds were in the usual form and as good as gold, that the company was making money, and the investment would pay the defendant handsomely. Allowing himself to be soothed by these and other promises and representations, and believing that the officers of the company were honorable, upright business men, he continued making monthly payments of $80 per month to the company until he had paid it over $5,000. In the summer of 1912 a representative of the company called upon him and in its behalf advised him that the bonds so purchased were worthless, that the consciences of the officers of the company hurt them for having deceived and cheated him for such a great length of time, and that the company was prepared to take up the $5,000

worth .of bonds so purchased and give him a security which was valuable, to wit, stock in the same company, which stock was as good as gold; that they did not desire to take his money and give him nothing in return; hence they wanted to exchange the bonds for the stock; that upon the stock money could be secured. The defendant permitted the exchange of the bonds for the stock on these assurances; and, to show their good faith in the matter and back up what they had represented, the officers of the company lent him $535 of the money he had paid into the company, "and took a note, which he presumed was an ordinary collateral note, hypothecating the said stock and stipulating the money so received as a loan." He has never seen the note since it was signed. At that time he did not read it, and he does not know its true purport or contents. At the time of signing he believed the officers of the company were acting in good faith. He is not due the company any sum; it is due him over $5,000, which he paid it, less the $530, which they assured him he might use. He is informed and believes that the said bonds, while they might not have been worth their face value, were an absolute liability of the company and did have a value, and the officers knew the stock was worthless and the company was insolvent; hence they sought to exchange worthless stock for bonds that were an absolute liability upon the assets of the company and were therefore valuable. The officers of the company were the only ones who had access to its books, and therefore were apprised of its insolvent condition and the worthlessness of the said stock, and they are solely responsible for such condition; hence, to further defraud the defendant, the company, through deceitful means and artful practices and false and fraudulent representations as above set forth, and through holding out that he could get money on the said stock, as a bait, cajoled the defendant into the said exchange of valuable bonds for worthless stock, and thereby cheated and defrauded him of more than $5,000. He does not owe the said $530, by reason of the facts hereinbefore stated. The said company is insolvent. "Wherefore, plaintiff not having complied with the obligations and covenants resting upon it which arose under the same contract," the defendant prays: (a) that, by reason of the fraud in the procurement of the paper sued on, the absence of a consideration, and the indebtedness and insolvency of the Guarantee Trust and Banking Company, he be dis-

charged; (b) that he may recoup the sum of $5,000, or such part thereof as may be proper, out of which he has been defrauded; and he prays judgment for this sum.

*F. L. Neufville*, for plaintiff in error.    *Bell & Ellis*, contra.